**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CHARLES RAY ANDREWS, Jr.,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:15-CV-108-D (BH) |
| ) | |
| **UNITED STATES POSTAL SERVICE,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se action has been referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED** with prejudice.

**I. BACKGROUND**

On January 14, 2015, Charles Ray Andrews, Jr. (Plaintiff) filed suit against the United States Postal Service (USPS). (*See* doc. 3.) His one-paragraph complaint states:

> withholding mail & letting my mailbox remain broken & open at Holiday apartments on Ewing Blvd. Not sending an inspector to investigate my missing and stolen mail. Also sending me to wrong branches for important reasons.

(*Id.* at 1.)

**II. PRELIMINARY SCREENING**

Because Plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute provides for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

Plaintiff's claims for harm allegedly caused by the failure to deliver his mail or investigate his missing and stolen mail sound in tort. *See Terry v. United States*, 99 Fed.Cl. 384, 391-92 (Fed.Cl. Aug. 12, 2011). The exclusive remedy for a tort claim against the United States is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80; *see McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998) (FTCA is exclusive remedy for torts committed by federal employees acting within the scope of their employment). [1] In the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§

---

[1] The only proper defendant in an FTCA action is the United States, and therefore a claim against a federal agency is not authorized under the FTCA. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

2

1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

The FTCA expressly does not provide a remedy for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Section 2680(b) "states that the bar of sovereign immunity is not waived with respect to claims involving the negligent handling of the mails." *See Insurance Co. of N. Am. v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir. 1982). Plaintiff's claims relating to his lost, missing and stolen mail are therefore barred by the doctrine of sovereign immunity, and the Court lacks jurisdiction over them. *See Quebodeaux v. U.S. Postal Service*, 1:06-CV-123, 2006 WL 1207898, *1 (E.D.Tex. May 2, 2006); *Rogers v. U.S. Postal Service*, 5:98-CV-130-C, 1999 WL 58852 (N.D. Tex. Feb. 3, 1999). His remaining allegation that he is being "sent to wrong branches for important reasons" simply fails to state a claim upon which relief may be granted.

### III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 26th day of January, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4